COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Malveaux, Friedman and Senior Judge Petty


SEAN MADDOX

MEMORANDUM OPINION*

v.        Record No. 0504-24-1                         PER CURIAM
                                                    SEPTEMBER 2, 2025

CITY OF CHESAPEAKE, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
H. Thomas Padrick, Jr., Judge Designate

(Sean M. Maddox, on briefs), *pro se*.  Appellant submitting on briefs.

(Adam J. Lantz; Chesapeake City Attorney's Office, on brief), for
appellees.  Appellees submitting on brief.


Sean Maddox petitioned the circuit court for a writ of mandamus requiring the

Chesapeake Police Department (CPD) to provide 911 dispatch employee schedules under the

Virginia Freedom of Information Act (FOIA).  The circuit court found that the requested

documents created a security risk for an employee and that redactions would not mitigate the

risk, so it dismissed Maddox's petition.  On appeal, Maddox argues that CPD was required to

produce the requested records with redactions.  Both parties waive oral argument on this appeal.

Finding no error, we affirm the circuit court's judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

In 2021, a 911 dispatcher made a complaint about Maddox, a lieutenant with CPD, to the Ethics and Conduct Unit. As a result of the allegations, Maddox was fired and charged with several felonies.[2] In response, Maddox initiated grievance proceedings against the CPD.

In preparing for the grievance proceedings, Maddox made a FOIA request for "a copy of the Chesapeake Police Department 911 dispatch schedule" from November 1, 2023 through December 15, 2023. Amanda Littlefield, the Records and FOIA Manager of the City Manager's Office, denied Maddox's request under Code § 2.2-3705.2(14)(c), which exempts records revealing personnel deployments if disclosure "would jeopardize the safety or security of any person." Maddox requested the schedules again, noting that under Code § 2.2-3704.01 public records may be entirely withheld only if the FOIA exemption applies to the entire record; otherwise, the public body must redact the portions containing exempted material and disclose the remainder of the requested record. In response, Littlefield again denied Maddox's request and attached a letter from the Assistant City Attorney asserting "the entirety of the document contains information subject to exclusion."

---

[1] "Because this matter comes to us after a trial of the issues below, we owe deference to the trial court's factual findings and must view the evidence in the light most favorable to the prevailing party below." *Suffolk City Sch. Bd. v. Wahlstrom*, 302 Va. 188, 196 n.1 (2023).

[2] Two of those charges were later dismissed with prejudice; the circuit court then granted the Commonwealth's motion to nolle prosse the remaining charges without prejudice. Maddox moved to reconsider the motion to nolle prosse without prejudice, and his motion was pending when the circuit court heard this case.

Maddox petitioned for mandamus with the circuit court,[3] arguing that the 911 dispatch schedules were not exempt from mandatory disclosure and that even if an exemption applied, the CPD was obligated to provide redacted records. Maddox asserted that the CPD had previously disclosed 911 dispatch schedules with redactions in response to FOIA requests by others. Maddox asked the circuit court to order the CPD[4] to produce the schedules "redacted as may be necessary." The CPD moved to dismiss.

At a hearing, Cena Vaillancourt, the Central Records Manager for CPD, testified that Maddox's FOIA request raised safety concerns because the alleged victim of Maddox's offenses was a 911 dispatcher whose work schedule was contained in the records. Vaillancourt stated that the 911 dispatch schedules were organized "by hours as well as by squads," and because Maddox had personal knowledge of dispatch scheduling, he would be able to determine the work schedule of the alleged victim even from redacted records. Vaillancourt added that the 911 dispatchers operated on a "rotating schedule," meaning "if you knew what the current schedule was, you could ascertain what the future schedule would be."

Vaillancourt stated that she considers the requestor and the information sought when determining the appropriate response to a FOIA request. Vaillancourt acknowledged that the CPD had released redacted 911 dispatch schedules in response to other FOIA requests, but that Maddox's request raised a specific security concern because he was the alleged perpetrator of several crimes against a dispatcher whose information was contained in the requested schedules and he had a particularized knowledge of how the scheduling worked. The CPD produced redacted responses under other applicable FOIA provisions for requests that had not raised the same safety issues.

---

[3] The Judges for the Circuit Court of the City of Chesapeake recused themselves. The Chief Justice designated The Honorable H. Thomas Padrick, Jr. to preside over the case.

[4] Maddox also named Cena Vaillancourt, Littlefield, and the City of Chesapeake as respondents.

The circuit court reviewed an unredacted version of the 911 dispatch schedules in-camera. Noting that the dispute presented a "close call," the circuit court found, based on the evidence presented, that the schedules were fully exempt from mandatory disclosure under FOIA and dismissed Maddox's petition.

Maddox moved the circuit court to reconsider. Maddox asserted that he intended to use the requested records in his grievance proceedings against the CPD to show that the alleged victim was still employed despite purportedly making false allegations. Maddox explained that because he "kn[ew] the meaning of the symbols on the schedule," he would be able to infer that the CPD did not suspend his accuser if the schedules did "not show any employee on extended administrative leave." The circuit court denied Maddox's motion. Maddox appeals.

ANALYSIS

Virginia's FOIA statute was enacted to safeguard the public's access to "records in the custody of a public body or its officers and employees, and free entry to meetings of public bodies wherein the business of the people is being conducted." *Citizens for Fauquier Cnty. v. Town of Warrenton*, 81 Va. App. 363, 375 (2024) (quoting Code § 2.2-3700(B)). Under FOIA, no public record may be withheld "unless specifically made exempt" by FOIA or another statute. Code § 2.2-3700(B). A public record is entirely exempt when "an exclusion from disclosure . . . applies to the entire content of the public record." Code § 2.2-3704.01. But a record containing exempt and non-exempt information must be produced "in redacted format." *Citizens for Fauquier Cnty.*, 81 Va. App. at 375. Additionally, even exempt records "may be disclosed by the custodian in his discretion" unless otherwise prohibited by law. Code § 2.2-3705.2. Records of "personnel deployments" are exempt when disclosure "would jeopardize the safety or security of any person." Code § 2.2-3705.2(14)(c). A public body subject to a FOIA enforcement action "bear[s] the burden of proof to establish an exclusion by a preponderance of the evidence." Code § 2.2-3713(E).

- 4 -

In deciding whether FOIA compels disclosure of a public record turns on the specific facts of the case, we defer to the trial court's factual findings unless they are plainly wrong or without evidentiary support. *Suffolk City Sch. Bd. v. Wahlstrom*, 302 Va. 188, 205 (2023). When a trial court hears evidence "ore tenus, its findings based on an evaluation of the testimony are entitled to the same weight as those of a jury." *Id.* at 223 (quoting *RF&P Corp. v. Little*, 247 Va. 309, 319 (1994)). In its role as factfinder, "'the trial court [is] the judge of the credibility of the witnesses[,]' and thus, we defer to its credibility determinations." *Id.* (second alteration in original) (quoting *Little*, 247 Va. at 321).

Maddox does not contest the trial court's finding that the requested documents "would jeopardize the safety or security of any person" under Code § 2.2-3705.2(14)(c). He instead argues that the circuit court erred in finding that redacting the requested records could not have ameliorated the security risk. We disagree.

Vaillancourt testified that Maddox knew how the schedules worked, based on his employment with the CPD. The way the requested records were organized presented the risk that a person with Maddox's knowledge could discern an individual employee's schedule, even if the records were redacted. Vaillancourt explained that Maddox could use the redacted version to "ascertain what the future schedule would be." The circuit court, in its role as factfinder, was entitled to credit Vaillancourt's testimony concerning the security risk posed by disclosing the records and that the risk could not be mitigated with redactions. We defer to that credibility determination on appeal. *See Wahlstrom*, 302 Va. at 223. Although Maddox argues that the stated security concern is "speculation," he acknowledged in his motion to reconsider that he "knows the meaning of the symbols on the schedule," and could deduce further information from that knowledge.

In addition, the record establishes that the trial court reviewed the disputed records in camera, which the Supreme Court has held is "a proper method to balance the need to preserve confidentiality of privileged materials with the statutory duty of disclosure." *Hawkins v. Town of South Hill*, 301 Va. 416, 433 (2022) (quoting *Bergano v. City of Va. Beach*, 296 Va. 403, 410 (2018)). After reviewing the records, the circuit court found that redactions would not diminish the risk posed by disclosure. Given the circuit court's evaluation of the documents and the testimony regarding the security risk they presented, we cannot say the circuit court's judgment was plainly wrong or without evidentiary support.[5] *See Wahlstrom*, 302 Va. at 205.

We are equally unpersuaded by Maddox's contention that the CPD's history of producing both "past and current 911 dispatch schedules" with employee names redacted demonstrates that the CPD's failure to provide redacted records here was unjustified. Vaillancourt testified that she considers the specific circumstances of each FOIA request, including the requestor, the information sought, and the particularized risks involved when determining whether redacting records is appropriate. Given Maddox's personal knowledge of how the dispatch schedules worked and the serious allegations an individual whose information was contained in those schedules had made against Maddox, it was reasonable to conclude that redacting the records would not address the specific security concerns presented here. Indeed, Maddox himself acknowledges that he would be able to infer information from the redacted records that would not be available to a member of the

---

[5] Maddox also argues that it was unreasonable for the CPD to withhold the schedules under Code § 2.2-3705.2(14)(c) when the criminal charges against him had been dismissed. But on brief Maddox expressly waived his assignment of error concerning whether Code § 2.2-3705.2(14)(c) applied to the records; he argues only that redactions were sufficient to address the risk. Accordingly, we need not address this argument.

general public. So, Maddox's reliance upon the CPD's history of producing redacted records is unavailing.[6]

## CONCLUSION

The record presented supports the circuit court's conclusion that redaction would not alleviate the specific security concerns presented on these unusual facts. Accordingly, the circuit court's judgment is affirmed.

*Affirmed.*

---

[6] Maddox also contends that the CPD should be required to pay his costs under Code § 2.2-3713(D) and suffer a civil penalty under Code § 2.2-3714(A) for improperly failing to produce the documents. Maddox did not prevail either in the circuit court or on appeal, so he is not entitled to an award of costs and no civil penalty applies.